*8693*

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

WILLIAM A. BELL, JUDGE:

▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓

June 30th, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED June 30/22
J. J. Stansbury

*8693*

430

BY: WILLIAM A. BELL, JUDGE:

Plaintiffs herein sue defendant, a constable of the First City Court of New Orleans, for damages, in the sum of One Hundred and Fifty-Six Dollars and Nine Cents ($156.09). There was judgment in the trial court in favor of defendant, from which judgment plaintiffs have appealed.

The record shows that on Dece .        1, in the suit of Mr. and Mrs. Richard v. one styled "Mr. Meredith, alias Slim" No. 100,887 of the First City Court of the City of New Orleans, a writ of provisional seizure was issued, and that on December 31st, 1921, under a constable's sale in satisfaction of the aforesaid writ, all of the property seized in said proceeding was sold, except a certain machine described as a Prosperity Garment Press.

The evidence in the case now under consideration is conclusive, as shown by the testimony of the Chief Deputy Constable and his assistant deputy constable, that the aforesaid machine was offered for sale with other personal property under seizure, but that there were no bids for the machine, and that accordingly the machine was not sold, but remained in the constable's possession until the civil sheriff for the parish of Orleans, under a writ of executory process, seized the same in the possession of the constable of the First City Court, in the proceedings No. 140,214 of the Civil District Court, in the case of the Prosperity Company, Inc. v. John E. Crain.

The record before us further discloses that prior to the seizure by the civil sheriff of the Garment Press in the hands of the constable of the City Court, and prior to the sale under the writ issued in the aforesaid City Court case, in the suit of Richard v. "Meredith, alias Slim," that the said constable was notified by the attorney for the Prosperity Co., Inc.

that said Garment Press was subject to a chattel mortgage lien in favor of the Prosperity Company, and should be sold subject to said lien, and that notice of this fact was given aloud at the aforesaid constable's sale, before the Garment Press was offered for adjudication, and, as heretofore stated, that no bidders for the Garment Press developed at said constable's sale.

On January 12th, 1922, the constable, through an admitted misunderstanding and error of law, delivered to the sheriff of the Civil District Court the Garment Press which had been seized by the sheriff under the aforesaid executory process, and the constable being thereafter of the opinion that he should not have delivered the Garment Press to the sheriff, accordingly intervened in the Civil District Court proceedings, No. 140,214, and instituted thereby a rule in said proceedings against the said sheriff to show cause why the sheriff should not be compelled to return the said Garment Press to the constable. This rule was made absolute on March 27th, 1922, by a judgment of the Civil District Court in the aforesaid proceedings, and the Garment Press was accordingly returned by the sheriff to the custody of the constable in whose possession the said Press still remains, and has always remained since the institution of the proceedings now before us on appeal.

The plaintiffs in this cause allege that the delivery or surrender of the Garment Press by the constable to the civil sheriff being an act of malfeasance on the part of the constable, which resulted in the necessity of plaintiffs' intervening in the Civil District Court proceedings, to assert their rights for a recovery of the machine, that they have suffered damages consisting of attorney's fees and court costs, etc., to the amount herein claimed.

To plaintiffs' petition defendant has filed exceptions and answer, and by exception pleads particularly that the petition herein filed discloses no cause or right of action,

and by way of answer defendant alleges in substance the facts which have heretofore been narrated. Defendant particularly alleges that he made every effort to recover the Garment Press illegally seized and taken from his custody by the civil sherif and successfully recovered said property by a judgment of the Civil District Court.

Defendant concludes his answer with the denial that any act of his has caused damage to the plaintiffs herein, or that he has been guilty of any failure to perform the duties incumbent upon him as constable of the First City Court, in the proceedings of the aforesaid provisional seizure.

The salient facts of this case which impelled us to the conclusions we have herein reached, are, that on January 6th, 1922, after the Garment Press failed to sell at the constable's sale, plaintiffs filed a rule against the constable in the provisional seizure suit to show cause why the constable should not re-offer for sale the said Press, and that the rule being dismissed, plaintiffs entirely acquiesced in the court's order, taking no appeal therefrom, or other steps lookin to the enforcement of such remedies or reliefs as may have been available under the law.

They did nothing until they resorted to what seems to us as a useless and unnecessary proceeding taken by th in the Civil District Court, whereby they sought through intervention served upon the attorney for the Prosperity Co., Inc. in the aforesaid suit, No. 140,214, to have their lessor's lien (already asserted in the City Court), recognized as superior to the Company's chattel mortgage lien asserted in said suit agains the Garment Press.

The gravamen of plaintiffs' complaint against defendant herein is that because of their being compelled to intervene in the executory proceedings, that they suffered damages

as now claimed, and for which defendant is liable, defendant having permitted the Garment Press to be unlawfully seized and removed from his possession under the writ issued by the Civil District Court.

It is plain to us that the intervention taken by the plaintiffs was not only ill advised, but entirely unnecessary to the ultimate enforcement by the City Court, or supervisory courts, of such legal rights which plaintiffs may have had in the enforcement of their land-lord's lien against the property in dispute.

Counsel for plaintiffs relies upon the authority of Crane, Breed & Co. v. Quinn, Constable, 23 La. Ann. 512. The facts in that case are not at all applicable to those now under consideration, for in the cited case, the constable, of his own motion and without judicial authority from his own or any higher court, surrendered property under seizure, in his official custody, to a private party, not even at the time a litigant before the court of which he was constable. The Supreme Court affirming the judgment for damages against the constable in that case said:

> "A constable not being vested with judicial powers has no authority to take property from one party and deliver it to another upon his own motion. He is but the ministerial officer of the court, by whose orders he must be controlled in his official acts."

In the case before us the defendant, through a mistaken, but perhaps a proper deference and submission to what he deemed a superior writ of the Civil District Court, surrendered the property then in his official custody to that of another official, to wit, the sheriff of the Civil District Court, from whom, by prompt and proper procedure, he quickly recovered the same. However much at fault, the defendant's acts were neither careless nor malicious, but if both, and if altogether reprehensible, plaintiffs must prove under the Revised Civil Code.

434

Art. 2315, that because of defendant... sult they have su.. ered damages herein claimed. In this essential prerequisite to the recovery, we are of the opinion that plaintiffs have wholly failed, and that the judgment of the trial court is therefore correct, and should be affirmed at plaintiffs' cost.

JUDGMENT AFFIRMED.